**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**

ANDREW JAMES MCGONIGLE,           )
*on behalf of himself and*               )Civil Action No.: 1:24-cv-02063
*others similarly situated,*              )
                               )      Class Action Complaint
          Plaintiff,         )
                               )      Jury Trial Demanded
v.                              )
                               )
FILTERS FAST LLC                )
                               )
          Defendant.        )
_____  )

**JOINT REPORT OF RULE 26(f) CONFERENCE**
**AND PROPOSED DISCOVERY PLAN**

In accordance with Rule 26(f) of the Federal Rules of Civil Procedure, counsel for Plaintiff

Andrew McGonigle ("Plaintiff") and Filters Fast LLC ("Defendant") submit this Joint Report of

Rule 26(f) Conference and Proposed Discovery Plan:

1.      **Conference.** The parties, by counsel, conferred on March 6, 2025 to discuss the

matters set forth in Rule 26(f) and the nature and basis of their claims and defenses.

2.      **Description of the Case.**

      **a.**      **Plaintiff's Claims**

The Plaintiff alleges that Filters Fast LLC marketed its services through text messages to

numbers on the National Do Not Call Registry in alleged violation of the Telephone Consumer

Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA"). Because these calls

were transmitted using technology capable of generating thousands of similar calls per day, the

Plaintiff has brought suit on behalf of a proposed nationwide class of other persons who received

similar calls.

      **b.**      **Defendant's Claims**

This is a putative class action in which Plaintiff alleges that Defendant texted him without his consent, despite his number being registered on the National Do Not Call Registry, in alleged violation of the TCPA. Plaintiff received the messages at issue because his number previously belonged to a customer who asked to receive messages from Defendant. Defendant does not make live outbound calls and thus does not keep a record of calls to allegedly wrong or reassigned numbers in its logs. When individuals tell Defendant that they mistakenly received a text message, Defendant simply removes their numbers from its database, the same as it does when someone just asks for their number to be removed. As such, there is no central repository from which Plaintiff can identify additional calls to reassigned numbers.

3.    These individualized issues of fact will prevent any class from being certified. Instead of determining issues of liability in one stroke with common proof, the Court would have to engage in a series of mini-trials to determine whether the phone number a customer gave Defendant has subsequently been reassigned to a non-customer of Defendant and whether each called party's number was a business number. Just these few examples show that common issues do not predominate over individualized issues, which forecloses certification.**Possible Settlement or Resolution.**

During the conference, the parties discussed the possibility of engaging in a settlement conference and agreed the case is not ripe for settlement discussion at this time.

4.    **Preservation of Discoverable Information.**

The parties agree all discoverable information in their possession, custody, and control needs to be preserved.

5.    **Pre-Discovery Disclosures.**

Such disclosures shall be made by March 20, 2025.

6.    **Discovery Plan.**

a.    **Plaintiff's Anticipated Scope of Discovery**

The Plaintiff anticipates that discovery will be needed on the requisites of Fed. R. Civ. P. 23 in order to support his anticipated motion for class certification as well as the merits of Plaintiff's TCPA claims in order to prepare for trial, or to oppose any summary judgment motion that the Defendant may file. The Plaintiff will seek from the Defendant, or third parties retained on its behalf, (1) ESI regarding the calls placed in this case and any purported leads related thereto; (2) email and other communications related to telemarketing and any relationship with a vendor who made calls for the Defendant; (3) ESI related to any purported consent to receive calls; (4) Defendant's policies and procedures concerning TCPA compliance; and (5) telemarketing complaints received by Defendant and their responses thereto. Plaintiff intends to submit expert testimony relevant to class certification and that expert discovery prior to class certification will likely be necessary as a result.

### b.     Defendant's Anticipated Scope of Discovery

Defendant anticipates seeking discovery about Plaintiff's acquisition and use of the telephone number at issue, to defend against Plaintiff's claims, and to oppose any motions Plaintiff may file, including a motion for class certification or summary judgment.

### c.     Electronically Stored Information

Electronically stored information may be produced in printed or electronic formats. However, the producing party shall maintain the electronically stored information in the format in which it existed at the time the request for discovery was made. Thereafter, the parties may meet and confer regarding the format for the disclosure of this electronically stored information.

### d.     Claims of Privilege or Protection of Trial Preparation Material

Inadvertent production of privileged material shall not be deemed a waiver of any privilege, and, if it is discovered that a party has produced privileged material, the receiving party shall promptly return the same.

7.  **Magistrate Judge Jurisdiction.**

The parties do not consent to magistrate judge jurisdiction.

8.  **Proposed Case Schedule.**

The parties propose the following case schedule, subject to the Court's approval:

| Event | Deadline |
|---|---|
| Amendment of Pleadings | March 28, 2025 |
| Completion of Fact Discovery | July 11, 2025 |
| Disclosure of Plaintiff's Expert Report(s) | May 26, 2025 |
| Disclosure of Defendant's Expert Report(s) | June 27, 2025 |
| Class Certification Motion Filed | July 18, 2025 |
| Defendant's Opposition to Class Certification | August 15, 2025 |
| Reply in Support of Class Certification | August 29, 2025 |
| Final Pretrial Conference, list of exhibits to be used at trial, list of the witnesses to be called at trial, and a written stipulation of uncontested facts | 30 days after ruling on Class Certification Motion |

9.  **Protective Order.**

The undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. To further those efforts, the parties anticipate submitting a form protective order for the Court's consideration.

10. **Trial.**

If this matter is certified as a class action, the parties anticipate that trial will take **five days**.

Dated: March 12, 2025                    Respectfully submitted,

| **FILTERS FAST LLC** | **ANDREW MCGONIGLE,** *on behalf of himself and others similarly situated* |
|---|---|
| By: /s/ Joseph A. Smith<br>Joseph A. Smith, VSB Bar No. 82660<br>THOMPSON HINE LLP<br>1919 M Street, N.W. Suite 700<br>Washington, D.C. 20036<br>T:      (202) 331-8300<br>Fax:    (202) 331-8330<br>Joe.Smith@ThompsonHine.com | By:   */s/ William P. Robinson*<br>William P. Robinson<br>Virginia State Bar No. 76098<br>319 N. Piedmont St., #1<br>Arlington Virginia 22203<br>Telephone: (703) 789-4800<br>wprlegal@gmail.com |
| Ryan D. Watstein (pro hac vice forthcoming)<br>Abigail L. Howd (pro hac vice forthcoming)<br>Lauren Meeler (pro hac vice forthcoming)<br>WATSTEIN TEREPKA LLP<br>1055 Howell Mill Road, 8th Floor<br>Atlanta, Georgia 30318<br>T: 678-372-0408<br>ryan@wtlaw.com<br>ahowd@wtlaw.com<br>lmeeler/wtlaw.com<br>Counsel for Defendant Filters Fast LLC | Anthony I. Paronich (admitted *Pro Hac Vice)*<br>Paronich Law, P.C.<br>350 Lincoln Street, Suite 2400<br>Hingham, Massachusetts 02043<br>Telephone: (508) 221-1510<br>anthony@paronichlaw.com |